IN THE COURT OF COMMON PLEAS, STARK COUNTY, OHIO

## LOUIS P. GIAVASIS
### STARK COUNTY CLERK OF COURTS

**MICHAEL ROSE, ET AL**
        PLAINTIFF,
        VS.

CASE NUMBER: **2017CV01684**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

ASSIGNED JUDGE: JOHN G. HAAS

Rec'd in Corporate Law
AUG 25 2017
Litigation Section B-3

        DEFENDANT,

## SUMMONS

August 21, 2017

TO THE FOLLOWING NAMED DEFENDANT:
  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
  ONE STATE FARM PLAZA
  BLOOMINGTON, IL 16170

YOU HAVE BEEN NAMED A DEFENDANT IN A COMPLAINT FILED IN STARK COUNTY COURT OF COMMON PLEAS, STARK COUNTY COURT HOUSE, CANTON, OHIO 44702 BY:
  MICHAEL ROSE -
  1421 WILSON AVE
  ATWATER, OH 44201                                                               PLAINTIFF.

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
  LARRY SLAGLE
  2859 AARONWOOD AVE NE
  MASSILLON, OH 44646

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

LOUIS P. GIAVASIS.
CLERK OF COURTS
STARK COUNTY, OHIO

*[signature]*

J. LAWRENTZ, DEPUTY CLERK                                                                            EXHIBIT A



IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

| | |
|---|---|
| MICHAEL ROSE<br>1421 Wilson Avenue<br>Atwater, OH 44201<br><br>and<br><br>BRENDA ROSE<br>1421 Wilson Avenue<br>Atwater, OH 44201<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>One State Farm Plaza<br>Bloomington, IL 16170<br><br>Defendant. | CASE NO.: 2017CV 01684<br>JUDGE: Haas<br><br><br><br><br><br><br><br>**COMPLAINT (With Jury Demand)**<br><br>**(Request for Production of<br>Documents Attached)** |

Now comes the Plaintiffs Mr. Michael Rose and Ms. Brenda Rose husband and wife, by and through their undersigned counsel, **Larry V. Slagle** and for their Complaint against the State Farm Mutual Automobile Company state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michael Rose was the owner and operator of a 1998 Chrysler Concorde LXi and at all times relevant herein resided at 1136 Green Ave. S.W. Massillon, OH 44647

2. Plaintiff Brenda Rose ("Mrs. Rose") is the lawful spouse of Plaintiff Michael Rose ("Mr. Rose") and at all times relevant herein resided with her husband at 1136 Green Avenue S.W., Massillon, Ohio 44647

3. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is

an Illinois corporation for profit, which conducts activities throughout the entire State of Ohio.

4. Jurisdiction is appropriate in the State of Ohio because plaintiffs are Ohio residents and the insurance contract between the parties was executed in Ohio.

5. Venue is proper in Stark County because the contract was executed here and various other alternative venue determinations also are applicable to Stark County.

## STATEMENT OF FACTS

6. Plaintiffs Mr. Michael Rose and Mrs. Brenda Rose (hereinafter "Roses") have had automobile insurance coverage with the Defendant State Farm for many years.

7. During the relevant time period of August 20, 2014 (date of the occurrence), Plaintiffs Roses and Defendant State Farm were a party to an automobile insurance agreement having Policy No. 35-4W23-407. (A copy of the automobile insurance policy is not attached because it is voluminous and in the custody and control of Defendant State Farm).

8. Plaintiffs Roses purchased and paid for uninsured-underinsured (UM/UIM) as part of their automobile insurance policy with State Farm.

9. On or about August 20, 2014, at the intersection of Lincoln Way East and Wales Road, Massillon, Stark County, Ohio Plaintiff Mr. Rose was involved in an automobile accident with a vehicle operated by Amanda S. Depasquale. The collision occurred when Amanda S. Depasquale failed to yield the right of way, thereby causing the collision with the Roses vehicle.

10. This collision was caused solely by the negligence of Amanda S. Depasquale.

11. Plaintiff Michael Rose did nothing to cause or contribute to the occurrence of this collision.

12. As a direct and proximate result of the negligence of Amanda S. Depasquale, Plaintiff Michael Rose sustained serious injuries to his neck, back, right leg, and foot and to

other parts of his body, resulting in past, present and future physical and mental pain and suffering, loss of enjoyment of life, loss of earning capacity and permanent damage.

13. Plaintiff and their counsel properly obtained from Defendant State Farm Insurance the waiver of its subrogation rights, against Amanda S. Depasquale and tortfeasor Amanda S. Depasquale and her vehicle meet the definition of an uninsured-underinsured motorist as defined within Defendant State Farm automobile insurance policy.

14. Plaintiffs, through their counsel, made a good faith settlement demand of Defendant State Farm' UM/UIM policy limits, **LESS** the $25,000.00 amount already paid by State farm Insurance, in order to fully and fairly resolve the Roses' pending UM/UIM claim.

15. Defendant State Farm made an unreasonable and bad faith offer of no "new money" to resolve Plaintiffs Rose's claim under the UM/UIM insurance contract.

16. As a direct and proximate result of Defendant's acts and omissions, State Farm has breached the insurance contract, the covenant of good faith, statutory unfair trade practices, fiduciary duty, acted in bad faith, and State Farm is liable for compensatory damages, attorney fees, costs, exemplary damages, and all other appropriate claims and remedies.

## COUNT ONE (Breach of Contract)

17. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

18. At all times pertinent to this matter, Plaintiffs Roses and Defendant State Farm were parties to a contract of insurance providing automobiles coverage and assigned Policy No. 35-4W23-407.

19. Defendant State Farm automobile insurance policy provided for, among other things, uninsured and underinsured motorist ("UM/UIM") coverage and medical payments coverage.

20. Plaintiffs Roses paid a separate premium for the UM/UIM insurance coverage and a separate premium for the Medical Payments Coverage.

21. Plaintiffs Michael Rose personal injuries and damages far exceed the $25,000.00 policy limits tendered by the tortfeasor Amanda Depasquale and her insurance company, Nationwide.

22. Plaintiff Michael Rose is legally entitled to collect damages from the underinsured motorists insurance and are legally entitled to collect bodily injury and other damages from Defendant State Farm under the above-reference automobile insurance contract.

23. Defendant State Farm has had adequate notice of this occurrence and the potential UM/UIM claim by Michael Rose.

24. Defendant State Farm has had the ability to investigate the matter and did so authorizing the acceptance of the Nationwide limits.

25. Plaintiffs Michael Rose have fully cooperated with Defendant State Farm in its investigation.

26. Plaintiffs Michael Rose has met all conditions precedent to coverage under the aforementioned State Farms automobile insurance policy, or those conditions have been excused or waived by Defendant State Farm.

27. Defendant State Farm has reviewed all of Plaintiff Michael Rose's medical treatment to date, related to this collision, and there should be no dispute that all of his treatment was reasonable and necessary.

28. Defendant State Farm has reviewed all of Plaintiff Michael Rose's medical bills, related to the medical treatment from the date of his collision, and there should be no dispute that all of the charges incurred were reasonable and necessary.

29. Nevertheless, Defendant State Farm has only made a nominal and bad faith offer of $0 of "new money" in order to resolve the pending underinsured motorist claim.

30. Plaintiffs Michael Rose have supplied information, data, jury verdicts, settlements, and other recent jury results by their attorney demonstrating that the personal injury and bodily claims are in excess of $25,000.00 for similar type of injuries.

31. Defendant State Farm has breached the terms of the automobile insurance contract which includes, but is not limited to, the uninsured-underinsured motorist provision which requires payment for bodily injury and claims from occurrence for the amounts, above a tortfeasor policy limits, up to and including the policy limits of their own UM/UIM insurance coverage.

32. Defendant State Farm conduct in refusing to make a good faith review, investigation, and offer of settlement, violates the contract terms and exposes State Farm to additional damages and jury awards **ABOVE** the policy limit set forth in the automobile insurance contract.

33. As a direct and proximate result of Defendant State Farms actions, omissions, and breaches of the agreement, it is liable to the Plaintiff Michael Rose in an amount above $50,000.00 and to be determined by a jury at trial.

### COUNT TWO (Covenant of Good Faith)

34. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

35. Ohio common law establishes that every contract entered into between parties has an implied covenant of good faith and fair dealing in its execution and performance.

36. Defendant State farm has breached Ohio's covenant of good faith by not

reasonably and properly investigating, reviewing, handling, and attempting to reasonably resolve the underinsured motorists' claim for coverage submitted by the Plaintiffs Roses.

37. As a direct and proximate result of Defendant's acts, omissions, and breach of the covenant of good faith, Defendant State Farm is liable in an amount above $50,000.00 and to be determined by a jury at trial.

## COUNT THREE (Statutory Unfair Trade Practices)

38. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

39. Ohio Revised Code § 3901.041 provides that the Superintendent of Insurance shall adopt rules in order to discharge his duties and exercise his rights under Title 39 of the Revised Code.

40. The Superintendent of Insurance has promulgated Ohio Administrative Code ("OAC") Section 3901-1-07, which is entitled *Unfair Trade Practices* and regulates insurance companies' activities in the State of Ohio.

41. The OAC 3901-1-07(C) enumerates seventeen (17) subsections which define, as a matter of law, unfair trade practices by an insurance company in the State of Ohio.

42. Defendant State Farm has violated, at a minimum, the following provisions of the Ohio Revised Code and Ohio Administrative Code:

**(A) Defined Unfair Practices**

It shall be deemed an unfair or deceptive practice to commit or perform with such frequency as to indicate a general business practice any of the following:

\* \* \*

(1) failing to make an appropriate reply within twenty-one days of all other pertinent communications and/or any inquiries of the Department of Insurance

respecting a claim;

(2) failing to adopt and implement reasonable procedures to commence an investigation of any claim filed by either a first party or third party claimant, or by such claimant's authorized representative, within twenty-one days of receipt of notice of claim;

\* \* \*

(3) not offering first party or third party claimants, or their authorized representatives who have made claims which are fair and reasonable and in which liability has become reasonably clear, amounts which are fair and reasonable as shown by the insurer's investigation of the claim, providing the amounts so offered are within policy limits and in accordance with the policy provisions;

(4) compelling insureds to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them when such insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

\* \* \*

(5) failing to advise the first party claimant or the claimant's authorized representative, in writing or by other means so long as an appropriate notation is made in the claim file of the insurer, of the acceptance or rejection of the claim, within twenty-one days after receipt by the insurer of a properly executed proof of loss;

> (a) failing to notify such claimant or the claimant's authorized representative, within twenty-one days after receipt of such proof of loss, that the insurer needs more time to determine whether the claim should be accepted or rejected;
>
> (b) failing to send a letter to such claimant or, the claimant's authorized representative, stating the need for further time to investigate the claim, if such claim remains unsettled ninety days from the date of the initial letter setting forth the need for further time to investigate;
>
> (c) failing to send to such claimant or authorized representative every ninety days after the first ninety-day claim investigation period, a letter setting forth the reasons additional time is needed for investigation, unless the delay is caused by factors beyond the insurer's control;

\* \* \*

43. As a direct and proximate result of Defendant State Farm acts, omissions, and breach of Ohio's statutory *Unfair Trade Practices*, Defendant State Farm is liable to Plaintiffs Michael Rose in an amount in excess of $50,000.00 and to be determined by a jury at trial. Furthermore, Defendant State Farm may be liable for statutory fines, penalties, attorney fees, costs, and other remedies under Ohio law.

## COUNT FOUR (Fiduciary Duty)

44. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

45. The automobile insurance contract between Plaintiffs Michael Rose and Defendant State Farm creates a fiduciary relationship under Ohio common law because of the nature of the relationship between the parties <u>and</u> the duties and rights created pursuant to the Ohio Revised Code and Ohio Administrative Code.

46. Defendant State Farm fiduciary duty to Plaintiff Michael Rose requires that it acts in good faith in handling the claims of the insured. *Hoskins v. Aetna Lins Ins. Co.* (1983), 6 Ohio St.3d 272, 275, 452 N.E.2d 1315.

47. Defendant State Farm breached its fiduciary duty in the handling, investigation, processing, review, and settlement offer regarding the UM/UIM claim and Plaintiff Michael Rose negotiations and settlement with the underlying tortfeasor Amanda Depasquale and her insurance company, Nationwide Insurance.

48. As a direct and proximate result of Defendant State Farm acts, omissions, and breach of its fiduciary duty, Plaintiff Michel Rose are entitled to compensatory damages and punitive damages, which will be determined by a jury at trial, plus attorney fees, costs of litigation, and any other expenses and equitable remedies to be determined by a jury and the

Court.

## COUNT FIVE (Bad Faith)

49. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

50. Under Ohio law, because a fiduciary relationship exists in the context of insurance contracts and statutory duties imposed pursuant to the Ohio Revised Code and Ohio Administrative Code, Defendant State Farm has a duty to act in good faith in handling Plaintiff Michael Rose's claims, which includes, but is not limited to, uninsured-underinsured motorists coverage.

51. Plaintiff Michael Rose, as insureds, may pursue a bad faith tort claim against Defendant State Farm as the insurer for its failure to act in good faith, which is a separate tort claim, in addition to other common law and statutory rights and duties imposed upon the insurer.

52. Defendant State Farm acted in bad faith in its processing, handling, investigation, review, analysis, and settlement offer regarding Plaintiff Michael Rose UM/UIM coverage in this matter.

53. As a direct and proximate result of Defendant State Farm acts, omissions, and bad faith, Plaintiffs Michael Rose are entitled to compensatory damages and punitive damages to be determined by a jury at trial, plus attorney fees, costs of litigation, expenses, and any other remedies and equitable relief to be determined by a jury and the Court.

## COUNT SIX (Loss of Consortium)

54. Plaintiffs incorporate by reference all of the above allegations as if fully rewritten herein.

55. Plaintiff Michael Rose, at all times relevant herein, was the lawful spouse of the

Plaintiff Mr. Michael Rose.

56. As a direct and proximate result of the bodily injury and the occurrence which occurred because of tortfeasor Amanda Depasquale, Plaintiff Mrs. Rose has suffered the loss and consortium of her husband, Mr. Rose, and has been deprived of his love, affection, companionship, solace, advice, assistance, guidance, and all other attendant damages as some to believe in excess of $25,000.00.

WHEREFORE, Plaintiff Michael Rose demands judgment against Defendant State Farm on all Counts in an amount in excess of $25,000.00 for compensatory and punitive damages, to be determined by a jury, attorney fees, interest, expenses, plus the costs of this litigation. Plaintiffs further demand all other relief that the Court deems just and equitable, including a determination and declaration of the parties' legal rights and obligations under the insurance contract.

Respectfully submitted,

Larry V. Slagle (No. 0031952)
2859 Aaronwood Ave. NE
Massillon, OH 44646
(330) 832-9833
(330) 8325341 – Facsimile
lslagle@larryslagellaw.com
Counsel for Plaintiff

## INSTRUCTIONS FOR SERVICE

The Plaintiff hereby requests and instructs the Clerk of Courts of Stark County, pursuant to Civil Rule 4, to serve via certified mail, return receipt requested, the enclosed **Complaint (With Jury Demand)** and **(Request for Production of Documents Attached)** upon the Defendants at the following address:

State Farm Insurance Mutual Automobile Insurance Company
One State Farm Plaza
Bloomington, IL 16170

Respectfully submitted,

_____
Larry V. Slagle (No. 0031952)
Counsel for Plaintiff